**STAMPUR & ROTH**
ATTORNEYS AT LAW

WILLIAM J. STAMPUR  
JAMES ROTH

299 BROADWAY, SUITE 800  
NEW YORK, N.Y. 10007

(212) 619-4240  
FAX (212) 619-6743

May 27, 2020

**By Email - To Be Filed Under Seal**

Honorable Alison J. Nathan  
United States District Judge  
Southern District of New York  
40 Foley Square  
New York, NY 10007

      Re:    *United States v. Javon Bussey*  
               18 Cr. 442 (AJN)

Dear Judge Nathan:

      We submit this reply to the government's May 26, 2020, Opposition Letter ("Gov't Opp.") to Mr. Bussey's motion for compassionate release. Mr. Bussey makes this motion because he is medically vulnerable to severe illness from COVID-19 in that he suffers from asthma and hypertension, and is housed in FCI Schuylkill under conditions that cannot safeguard him from contracting the virus.

      The government opposes compassionate release for principally two reasons: (1) that Mr. Bussey has not satisfied 18 United States Code ("U.S.C.") § 3582(c)(1)(A)'s exhaustion factors and (2) the 18 U.SC. § 3553(a) factors do not justify release.

<u>Mr. Bussey's Compassionate Release Application is Ripe for Adjudication</u>

      To delay ruling on Mr. Bussey's application until June 4, 2016, as the government urges, is not warranted under the circumstances. This Court has made clear that the thirty day

Hon Alison J. Nathan
May 27, 2020
Page 2

exhaustion period in 18 U.S.C. § 3582(c)(1)(A) is subject to equitable exceptions even in cases such as this when the government refuses to waive it. *See, United States v. Scparta,* 2020 WL 1910481, at *4-8 (citations omitted) (concluding that the exhaustion requirement in section 3582(c)(1)(A) is subject to equitable exceptions, and applying an exception because "waiting for [the defendant] to exhaust his remedies would be both futile and cause his irreparable harm"), *United States v. Alberto Pena,* WL 2301199, (S.D.N.Y. May 8, 2020). There is no need to belabor the legal points because this Court has provided persuasive authority.

To delay ruling on this application will cause Mr. Bussey to continue to be in harm's way and increases his odds of contracting COVID-19 for every day that he remains in custody. This Court should waive the thirty day waiting period and rule on this application and grant the relief sought. To wait another week is unwarranted.

### Mr. Bussey's Medical Conditions Warrant his Release.

The government does not contest that Mr. Bussey's asthma and hypertension make him more vulnerable to contracting COVID-19, but defers to the Bureau of Prisons ("BOP") which has determined these medical conditions are insufficient to satisfy the requirements of release under § 3582(c). The fact that Mr. Bussey did not report a history of asthma is not "notable" as claimed by the government. (Gov't Opp. at p. 8). As noted in our motion he was diagnosed with asthma and medicated for the condition on the first day of his commitment to MCC over a year ago on January 18, 2019. (Defense Motion, at pp. 6-7). Surely, he did not feign his illness at the time to buttress an unforeseeable compassionate release claim based on the pandemic.

Since this application was submitted, counsel had the opportunity to confer with Mr. Bussey about his current conditions of confinement. He informs me that his unit is locked down pursuant to the BOP Action Plan. He endures conditions which prevent social distancing. He is in a two-person cell. Although he has been provided one mask, no gloves have been issued. There are 100 prisoners on the unit who all must use the same few toilets, showers, and phones. No additional sanitary measures have been employed or additional cleaning or disinfectant supplies have been provided to address common areas. These conditions are ripe for the transmission of COVID-19 should it enter the unit. He related that he exhibited "heart flutters" and a "rapid heart rate," as well as a sore throat and was waiting for a response to a "sick call" request. Mr. Bussey indicated that no one in his unit to his knowledge has been tested for COVID-19.

The assertion that no COVID-19 cases have been reported at FCI Schuylkill is meaningless absent proof of the testing protocol - if any. While the BOP trumpets its efforts, it is

Hon Alison J. Nathan<br>
May 27, 2020<br>
Page 3

clear that the measures are insufficient to halt the spread of the virus throughout the nationwide prison system. As of the time of writing, 64 inmates have died from COVID-19. 1,577 inmates are infected with COVID-19 (3,180 inmates have recovered). 181 BOP staff members are currently infected (413) have recovered. As evidenced in the graph below, the BOP has an extraordinarily higher rate of infection per 1,000 people when compared with the United States, China and Italy - countries that have been hit hardest with COVID-19.[1] Seven more inmates have passed away since the filing of this motion on May 20, 2020.



## Mr. Bussey's 36 Months Sentence Did Not Take into Account the Covid – 19 Pandemic

The Court in sentencing Mr. Bussey to 36 months imprisonment took into account all the factors pursuant to 18 U.S.C. § 3553(a) and the government's motion pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 5K1.1 and 18 U.S.C. § 3553(e).[2] The government in their August 20, 2019, sentencing letter set forth that Mr. Bussey satisfied all five criteria in § 5K1.1(a) et seq: (1) significance and usefulness of assistance, (2) truthfulness, completeness and reliability of information and testimony, (3) nature and extent of assistance, (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from assistance, and (5) timeliness of assistance. The letter emphasized that his cooperation could "not have been more prompt." It was noted that as a result of his cooperation, Mr. Bussey received threats while in MCC New York (threats persist at FCI Schuylkill where he is currently housed). The court in fashioning the sentence considered Mr. Bussey's extremely difficult and challenging childhood which included peddling drugs as a 12 year old for his surrogate father. The court acknowledged Mr. Bussey's very extensive criminal history and the seriousness of the crime of conviction. The

---

[1] This graph and statistics were obtained from statistics compiled by the Federal Defenders of New York.
[2] Counsel ordered, but has not received Mr. Bussey's sentencing minutes.

Hon Alison J. Nathan
May 27, 2020
Page 4

Court was asked to credit Mr. Bussey's success at procuring employment, maintaining a job with a cleaning company as well as an inventory clerk for Home Depot while on conditions of bail. Mr. Bussey while awaiting sentence in MCC worked as an orderly, participated in the "Lead By Example" program and graduated from other relapse prevention programs. Mr. Bussey noted that he was motivated to change in large measure to be a supportive father and provider for his young daughter and her mother.

Mr. Bussey has demonstrated his capacity to change his behavior since his arrest. Indeed, the government does not argue that he would be a danger to the community if he were released today.

Mr. Bussey has served over half of a very significant prison sentence. He has served his time under very harsh and trying conditions. The Court's sentencing calculus could not have and did not account for the COVID-19 pandemic which has the potential to convert Mr. Bussey's sentence into a death sentence. He has been punished sufficiently for his crimes.

## CONCLUSION

Mr. Bussey should be granted compassionate release when all of the factors are weighed against the COVID-19 pandemic that has already infected thousands of inmates and claimed the lives of 65 inmates in BOP custody. Prisons are breeding grounds for the virus and no management plan has contained its spread. Granting this application given Mr. Busey's medical history and his individual history is warranted to extract him from harm's way.

Very truly yours,

James Roth, Esq.

cc:   AUSA Jessica Greenwood

   AUSA Ryan Finkel